**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 20-7561

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

ANTWAN BASS,

Defendant - Appellant.

Appeal from the United States District Court for the District of Maryland, at Baltimore. George L. Russell, III, District Judge.  (1:18-cr-00265-GLR-1)

Submitted:  May 31, 2023                          Decided:  June 21, 2023

Before AGEE, RUSHING, and HEYTENS, Circuit Judges.

Affirmed by unpublished per curiam opinion.

**ON BRIEF:** James Wyda, Federal Public Defender, Shari Silver Derrow, Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Baltimore, Maryland, for Appellant.  Erek L. Barron, United States Attorney, Ayn B. Ducao, Christina A. Hoffman, Assistant United States Attorneys, OFFICE OF THE UNITED STATES ATTORNEY, Baltimore, Maryland, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Antwan Bass appeals the district court's form order denying his 18 U.S.C. § 3582(c)(1)(A) motion for compassionate release as supplemented by counsel. We review a district court's denial of a compassionate release motion for abuse of discretion. *United States v. Hargrove*, 30 F.4th 189, 195 (4th Cir. 2022).

Upon review of the record and the parties' briefs, we conclude that the district court considered Bass' serious medical condition and the Bureau of Prisons' treatment in denying the motion. Moreover, a court need not acknowledge every argument for relief, especially where, as here, the same district court judge who considered Bass' motion sentenced him less than two years prior, and Bass presented minimal rehabilitation evidence. *See United States v. High*, 997 F.3d 181, 188 (4th Cir. 2021) (noting adequacy of barebones form order where judge's reasoning is obvious from record).

Further, the district court did not err in considering preventing an unwarranted sentencing disparity between Bass and his codefendant in denying Bass relief. "A district court is not required to consider the sentences of codefendants, and it is well settled that codefendants and even coconspirators may be sentenced differently for the same offense." *United States v. Pierce*, 409 F.3d 228, 235 (4th Cir. 2005) (citations omitted). Because Bass and his codefendant were not similarly situated, a sentencing disparity here is expected and appropriate. *Cf.* 18 U.S.C. § 3553(a)(6) (requiring sentencing courts to consider "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct"). We therefore conclude that the district court did not abuse its discretion in denying Bass' motion for

2

compassionate release. *See High*, 997 F.3d at 191 (concluding that when case is "relative[ly] simpl[e]," the district court's order denying compassionate release must show that "the district court was aware of the arguments, considered the relevant sentencing factors, and had an intuitive reason" for denying the motion (cleaned up)).

Accordingly, we affirm the district court's order. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*